**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 19-1439

MIGUEL GONZALEZ-LOPEZ,

Plaintiff, Appellant,

v.

STATE INDUSTRIAL PRODUCTS CORPORATION; STATE CHEMICAL SALES
COMPANY INTERNATIONAL, INC,

Defendants, Appellees,

and

JOHN DOE; JANE ROE; INSURANCE COMPANIES A, B, AND C,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Lynch, Selya, and Lipez,
Circuit Judges.

        Carlos R. Paula, with whom Jaime E. Picó-Rodríguez and
Labor Counsels, LLC were on brief, for appellant.
        Mariela Rexach-Rexach, with whom Shiara Diloné-Fernández,
Ana Beatriz Rivera-Beltrán, and Schuster Aguiló LLC were on
brief, for appellees.

November 10, 2020

**LYNCH**, **Circuit Judge**.  This court affirms on the careful reasoning set forth in the district court opinion.  Gonzalez-Lopez v. State Indus. Prod. Corp., No. 16-2710 (GAG), 2019 WL 8370884, (D.P.R. Mar. 20, 2019);  see 1st Cir. R. 27.0(c).  We add only a few comments.

1.  As to plaintiff's assertion that he presented direct evidence, the district court correctly concluded that there was no direct evidence of discrimination related to the plaintiff's timely claims.  See Gonzalez-Lopez, 2019 WL 8370884, at *12.

2.  As to the plaintiff's attempt to use the continuing violation doctrine to tie the untimely actions he complains of to the timely actions, the argument is without merit.  It is clear under National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 113-15 (2002), that each of the untimely actions was a discrete action, the consequences of which should have been evident to the plaintiff at the time, and the district court was correct in concluding that the continuing violation doctrine did not apply. Id.; see also Gonzalez-Lopez, 2019 WL 8370884, at *8-*10.

3.  As the district court found, there was also insufficient evidence of disparate impact.  Gonzalez-Lopez, 2019 WL 8370884, at *10-*11.

4.  The appellees are correct that any possible claim of a pattern and practice of discrimination was waived.  It was not presented to the district court and it was insufficiently developed

on appeal.  See Rosaura Bldg. Corp. v. Mun. of Mayagüez, 778 F.3d 55, 63 (1st Cir. 2015) ("[A]rguments not advanced before the district court are waived."); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (reiterating "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Affirmed. See 1st Cir. R. 27.0(c).